Daniel, J.
 

 First, the limitation over, in the
 
 third
 
 clause of the will, to the testator’s two brothers and sister, of the personal estate given to the two sons of the testator in
 
 the first
 
 clause of the will, is not too remote. The testator in the
 
 third
 
 clause says, “ if my
 
 two
 
 sons should die, and
 
 leave
 
 no lawful issue, (an eyent which happened,) ray
 
 *56
 
 will is, that their part of my estate should be equally divid» an¿j one par¡; thereof to go to my wife, and the other
 
 half to be
 
 equally divided between my two brothers and j^y sis(:er<j; When the expression, used by a testator in making ah executory limitation, is
 
 “ leaving no issue”
 
 the established rule is, when applied
 
 to personal
 
 estate, that it imports leaving no issue at the death of the first taker, and ties the event up to that time, and therefore prevents a perpetuity,
 
 Forth
 
 v Chapman, 1 P. W. 663. And 2d Powell on Dev. 566 (Jarmains ed.), where all the authorities are cited.
 

 Secondly
 
 the slaves are not assets in the hands of the defendant as the administrator'of William W. Ridley. The íiir'es and profits of the slaves during the life of William belonged to him; but on the event, which has taken place, viz. the death of
 
 both
 
 of the sons leaving no issue, the original stock of slaves and their increase went over to the ulterior legatees. The three ulterior legatees, the two' brothers and the sister of the testator, died in the' lifetime of the two' sons, the first takers. The executory interest, resting on an uncertain event, went to the administrators of her sons, who were certain, (viz. the ulterior designated legatees,)
 
 Pinbury
 
 v Elkin, 1 P. W. 563. In
 
 Barnes
 
 v
 
 Allen,
 
 1 Bro. 181.— (Belt’s ad.), Lord Thurlow remarked, that a contingent interest might
 
 vest in
 
 right, although it did not i'n possession ; and that contingent executory interests might be as completely vested, as if they were in possession, so as to
 
 go to
 
 the representative of a named legatee, who might happen to die before the event took place ; see 1 Roper on Legacies, 402. We think that the judgment must be affirmed.
 

 Per Curiam, Judgment affirmed*